# EXHIBIT B

| District Court of Colorado, Arapahoe County, Colorado<br><br>Court Address:<br>7325 S. Potomac St.<br>Centennial, CO 80112 | |
|---|---|
| **PLAINTIFF:**<br>AMY NELSON,<br><br>v.<br><br>**DEFENDANTS:**<br>AIR METHODS CORPORATION | **▲ COURT USE ONLY ▲** |
| **ATTORNEYS FOR PLAINTIFF:**<br>LIVELIHOOD LAW, LLC<br>Rachel E. Ellis, #40447<br>Euell B. Thomas, #37736<br>3401 Quebec St, Suite 6009<br>Denver, Colorado 80207<br>Telephone: (720) 465-6972<br>Email: ree@livelihoodlaw.com<br>         ebt@livelihoodlaw.com | **Case No.:  2019CV32009**<br><br>**Division:** |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Amy Nelson, ("Plaintiff"), by and through counsel Livelihood Law, LLC, hereby files her Amended Complaint against Defendants, Air Methods Corporation ("Air Methods") and alleges the following:

### INTRODUCTION

This action arises from the failure of Air Methods to abide by its legal obligations under Colorado law. Ms. Nelson's employment was wrongfully terminated in violation of public policy based on the Colorado Workers' Compensation Act, and she suffered disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA").

## PARTIES

1.      At all times relevant to this action, the Plaintiff, Amy Nelson, was a resident of Castle Rock, Colorado. The unlawful employment practices described below were committed in Arapahoe County.

2.      At all times relevant to this action, the Defendants, conducted business at 7301 S. Peoria St., Englewood, CO 80112.

3.      Defendant's current office is located at 5500 S. Quebec St, Suite 300, in Greenwood Village, CO  80111-1926.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper pursuant to Colo. Const. Art. VI, Section 9 as the conduct alleged in the Complaint occurred in Englewood, Colorado.

5.      Venue is proper in Arapahoe County, Colorado pursuant to C.R.C.P. Rule 98(c) as Defendant's principle office is located in Arapahoe County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Ms. Nelson received a copy of her Right to Sue letter from the U.S. Equal Employment Opportunity Commission on September 18, 2019.

## FACTUAL BACKGROUND

7.      Ms. Nelson began working at Air Methods in June 2015.

8.      Ms. Nelson was eventually promoted to Benefit Analyst and was responsible for all duties related to employee leave and workers' compensation claims, among other things.

9.      Though Ms. Nelson worked from the office, 95% of company employees did not. Her communications and work were almost entirely performed over the telephone and computer even when she was in the office, because her colleagues worked from home, and meetings were conducted via conference calls.

10.      On March 23, 2016, Ms. Nelson slipped on ice in the parking lot. Her fall resulted in substantial damage to her right leg, and she timely filed a Workers' Compensation claim in connection with this fall.

11.      In May 2016, Ms. Nelson received a salary increase and bonus.

12.      Ms. Nelson's injury from March 23, 2016 required a series of physical therapy sessions and surgery, and though she needed some time off, she remained able to perform her responsibilities.

a. On May 12, 2016, Ms. Nelson underwent her first surgery. She took one day off and returned to work the next day. She was unable to drive, but she organized reliable transportation.

b. Ms. Nelson underwent a knee surgery on September 27, 2016 which required 8 weeks of leave while she was prohibited from placing any weight on her right leg.

c. Ms. Nelson returned to work on December 12, 2016 and resumed her responsibilities.

d. Ms. Nelson underwent a partial knee replacement on April 27, 2017.

e. In May 2017, Ms. Nelson was performing some responsibilities for Air Methods from home but was still technically on leave.

13. On June 15, 2017, Ms. Nelson and Stacey Hammond discussed the possibility of Ms. Nelson working from home.

14. On June 15, 2017, Ms. Nelson's workers' compensation attorney sent a letter of representation to Air Methods.

15. Ms. Nelson underwent a surgery on June 17, 2017 and resumed physical therapy.

16. On July 11, 2017, Ms. Nelson's physician released her to work from home. However, at this time she still needed to continue availing herself of medical treatment through the Workers' Compensation system.

17. Ms. Nelson kept Air Methods apprised of her health throughout July and August.

18. As of July 11, 2017, Ms. Nelson was capable of performing her job responsibilities, from home, and arranging for periodic transportation to be present at the office in the event that was required.

19. Working primarily from home was a reasonable accommodation for Ms. Nelson, taking all circumstances into account.

20. At all relevant times, Air Methods had policies and practices in place to ensure the company was meeting its legal obligations of engaging in the interactive process.

21. Air Methods deviated from company policies and practices regarding the interactive process for Ms. Nelson and failed to communicate with Ms. Nelson or her doctor regarding her requested reasonable accommodation.

22. Instead of permitting Ms. Nelson to resume her duties, on August 24, 2017, Ms. Nelson was informed via telephone, by Gail Brocksmith, Senior Director of Benefits and Compensation, and Claire Capacci, Senior Director of Human Resources and Operations, that the company had

elected to terminate her employment. During this call, Ms. Nelson was told to only reapply for her job once she was completely healed.

23.      Until the August 24, 2017 telephone call, Ms. Nelson was never informed that her job was at risk, and the company had neither informed her that her requested reasonable accommodation was refused nor proposed an alternative.

24.      If Ms. Nelson had been permitted to work primarily from home, she could have been performing her duties since July 11, 2017.

### FIRST CLAIM FOR RELIEF
**Wrongful Termination in Violation of Public Policy**

25.      Plaintiff hereby incorporates by reference all previous paragraphs as though fully set forth herein.

26.      Under the Workers' Compensation Act of Colorado, an employee is granted the specific right to apply for and receive compensation.

27.      An employer's retaliation against an employee for exercising rights under the Workers' Compensation Act of Colorado violates Colorado's public policy. The violation of such public policy provides the basis for a common law claim by the employee to recover damages sustained as a result of that violation.

28.      Ms. Nelson sustained injuries in the course of her employment at Air Methods on March 23, 2016, and timely filed a claim through Colorado's Workers' Compensation system.

29.      When Ms. Nelson was injured at work, she had the right to report her injury, seek medical treatment through the Workers' Compensation system, and be represented by counsel through this process.

30.      Defendant was aware Ms. Nelson had the right to file a Workers' Compensation claim, the privilege to avail herself of medical treatment through the Workers' Compensation system and had the right to be represented by counsel.

31.      Ms. Nelson was terminated despite her ability to return to work.

32.      Ms. Nelson was told that she should reapply when she was fully recovered, though she was capable of performing her job duties at the time of termination.

33.      Ms. Nelson was wrongfully terminated in violation of public policy because of exercising her rights as a Workers' Compensation claimant.

34.      Defendant wrongfully discharged Ms. Nelson in violation of public policy by terminating Ms. Nelson in retaliation for availing herself of the Workers' Compensation system.

35.    Defendant's actions complained of herein were intentional and done with malice or with reckless indifference to Ms. Nelson's statutory rights.

36.    As a result of the Defendant's illegal employment practices, Ms. Nelson has suffered economic and non-economic damages.

## SECOND CLAIM FOR RELIEF

### Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101

37.    Plaintiff hereby incorporates by reference all previous paragraphs as though fully set forth therein.

38.    The Americans with Disabilities Act protects a qualified individual with a disability from discrimination in any aspect of employment.

39.    During the course of her employment the Plaintiff had physical impairments that substantially limited one or more major life activities, including her ability to walk and drive.

40.    Plaintiff had a record of impairment.

41.    Plaintiff had requested reasonable accommodation(s) from the Defendant and had filed for Workers Compensation Insurance.

42.    Plaintiff was regarded by the Defendant as having an impairment.

43.    Plaintiff sustained her physical injuries on the Defendant's premises, during the course of her employment with the Defendant.

44.    Plaintiff had notified her employer of her injuries, impairments and medical issues.

45.    The Defendant cited the Plaintiff's impairments as influencing its decision to terminate her.

46.    Defendant's actions complained of herein were intentional and in violation of the Americans with Disabilities Act, 42 U.S.C. 12101.

47.    As a result of the Defendant's illegal employment practices, Ms. Nelson has suffered economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Air Methods for any and all damages permissible by law, including front pay, back pay, compensatory damages, interest, attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES.**

RESPECTFULLY SUBMITTED this 12th day of February, 2020.

**LIVELIHOOD LAW, LLC**
*Duly signed original on file at the*
*offices of Livelihood Law, LLC*

/s/ *Rachel E. Ellis*
Rachel E. Ellis, #40447
Euell B. Thomas, #37736
3401 Quebec St, Suite 6009
Denver, CO 80207
Telephone: (720) 465-6972
Email: ree@livelihoodlaw.com
            ebt@livelihoodlaw.com

*Attorneys for Plaintiff Amy Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this Second Amended Complaint on all parties via email and CCE e-filing on February 12, 2020:

Mark B. Wiletsky
mbwiletsky@hollandhart.com

*/s/ Amber Klein*
Amber Klein

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*