## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00635-MEH

AMY NELSON,

      Plaintiff,

v.

AIR METHODS CORPORATION,

      Defendant.

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Air Methods Corporation ("Air Methods"), through its counsel, answers the

Second Amended Complaint and Jury Demand filed by Amy Nelson, as follows:

### INTRODUCTION

This action arises from the failure of Air Methods to abide by its legal obligations under

Colorado law. Ms. Nelson's employment was wrongfully terminated in violation of public policy

based on the Colorado Workers' Compensation Act, and she suffered disability discrimination

and retaliation in violation of the Colorado Anti-Discrimination Act ("CADA").

**ANSWER: Denied.**

### PARTIES

1.     At all times relevant to this action, the Plaintiff, Amy Nelson, was a resident of

Castle Rock, Colorado. The unlawful employment practices described below were committed in

Arapahoe County.

**ANSWER:  Air Methods is without sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 1 and, therefore, it denies them.  As to the second sentence, Air Methods denied that any unlawful employment practices occurred.**

2.      At all times relevant to this action, the Defendants, conducted business at 7301 S. Peoria St., Englewood, CO 80112.

**ANSWER:  Admitted.**

3.      Defendant's current office is located at 5500 S. Quebec St., Suite 300, in Greenwood, CO 80111-1926.

**ANSWER:  Admitted.**

<u>JURISDICTION AND VENUE</u>

4.      Jurisdiction is proper pursuant to Colo. Const. Art. VI, Section 9 as the conduct alleged in the Complaint occurred in Englewood, Colorado.

**ANSWER:  Air Methods admits that the alleged conduct occurred in Englewood, Colorado.  The remaining allegations constitute a legal conclusion to which no response is required.**

5.      Venue is proper in Arapahoe County, Colorado pursuant to C.R.C.P. Rule 98(c) as Defendant's principle office is located in Arapahoe County.

**ANSWER:  The allegations in paragraph 5 constitute a legal conclusion to which no response is required.**

## EXHAUSTION OF ADMINISTRATE REMEDIES

6.      Ms. Nelson received a copy of her Right to Sue from the U.S. Equal Employment Opportunity Commission on September 18, 2019.

**ANSWER:  Air Methods lacks sufficient information or knowledge to admit or deny the allegations in paragraph 6 and, therefore, it denies them.**

## FACTUAL BACKGROUND

7.      Ms. Nelson began working at Air Methods in June 2015.

**ANSWER:  Admitted.**

8.      Ms. Nelson was eventually promoted to Benefit Analyst and was responsible for all duties related to employee leave and workers' compensation claims, among other things.

**ANSWER:  Air Methods admits that Ms. Nelson was promoted to a Benefit Analyst and that she was responsible for, among other things, administering employee leave and workers' compensation claims, but it denies the remaining allegations in paragraph 8.**

9.      Though Ms. Nelson worked from the office, 95% of company employees did not. Her communications and work were almost entirely performed over the telephone and computer even when she was in the office, because her colleagues worked from home, and meetings were conducted via conference calls.

**ANSWER:  Air Methods admits that Ms. Nelson worked from the office, and that the majority of employees are assigned to offsite base locations provided and operated by Air Methods other than corporate headquarters.  Air Methods denies the remaining allegations because they are so vague that it cannot provide a specific response.**

10.     On March 23, 2016, Ms. Nelson slipped on ice in the parking lot. Her fall resulted in substantial damage to her right leg, and she timely filed a Workers' Compensation claim in connection with this fall.

**ANSWER: Air Methods admits that on or around March 23, 2016, Ms. Nelson reportedly slipped on ice in the parking lot, and that she filed a workers' compensation claim in connection with that incident. Air Methods denies the remaining allegations in paragraph 10.**

11.     In May 2016, Ms. Nelson received a salary increase and bonus.

**ANSWER: Denied.**

12.     Ms. Nelson's injury from March 23, 2016 required a series of physical therapy sessions and surgery, and though she needed some time off, she remained able to perform her responsibilities.

**ANSWER: Air Methods admits that Ms. Nelson claimed she needed a series of physical therapy sessions and surgery, and that she took time off, but it denies the remaining allegations in paragraph 12 because they are so vague that Air Methods is unable to provide a detailed response.**

a.     On May 12, 2016, Ms. Nelson underwent her first surgery. She took one day off and returned to work the next day. She was unable to drive, but she organized reliable transportation.

**ANSWER: Air Methods admits that Ms. Nelson did not work on May 12, 2016, but it lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12.a and, therefore, it denies them.**

b.     Ms. Nelson underwent a knee surgery on September 27, 2016 which required 8

weeks of leave while she was prohibited from placing any weight on her right leg.

**ANSWER:  Air Methods admits that Ms. Nelson took a leave starting on or around**

**September 27, 2016, but it denies her allegation concerning the length of that leave and it**

**lacks sufficient information or knowledge to admit or deny the allegations in paragraph**

**12.b and, therefore, it denies them.**

c.     Ms. Nelson returned to work on December 12, 2016 and resumed her

responsibilities.

**ANSWER:  Admitted.**

d.     Ms. Nelson underwent a partial knee replacement on April 27, 2017.

**ANSWER:  Air Methods lacks sufficient information or knowledge to admit or deny**

**the allegations in paragraph 12.d and, therefore, it denies them.**

e.     In May 2017, Ms. Nelson was performing some responsibilities for Air Methods

from home but was still technically on leave.

**ANSWER:  The allegations in paragraph 12.e are so vague that Air Methods is**

**unable to provide a specific response and, therefore, it denies such allegations.**

13.    On June 15, 2017, Ms. Nelson and Stacey Hammond discussed the possibility of

Ms. Nelson working from home.

**ANSWER:  Denied.**

14.     On June 15, 2017, Ms. Nelson's workers' compensation attorney sent a letter of representation to Air Methods.

**ANSWER:  The document referenced in paragraph 14 speaks for itself and, therefore, Air Methods denies any characterizations of it.**

15.     Ms. Nelson underwent a surgery on June 17, 2017 and resumed physical therapy.

**ANSWER:  Air Methods lacks sufficient information or knowledge to admit or deny the allegations in paragraph 15 and, therefore, it denies them.**

16.     On July 11, 2017, Ms. Nelson's physician released her to work from home. However, at this time she still needed to continue availing herself of medical treatment through the Workers' Compensation system.

**ANSWER:  Air Methods lacks sufficient information or knowledge to admit or deny the allegations in paragraph 16 and, therefore, it denies them.**

17.     Ms. Nelson kept Air Methods apprised of her health throughout July and August.

**ANSWER:  The allegations in paragraph 17 are so vague that Air Methods is unable to provide a detailed response, other than to deny them.**

18.     As of July 11, 2017, Ms. Nelson was capable of performing her job responsibilities, from home, and arranging for periodic transportation to be present at the office in the event that was required.

**ANSWER:  Air Methods lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 and, therefore, it denies them.**

19.    Working primarily from home was a reasonable accommodation for Ms. Nelson, taking all circumstances into account.

**ANSWER:  The allegations in paragraph 19 constitute a legal conclusion and, therefore, Air Methods denies them.**

20.    At all relevant times, Air Methods had policies and practices in place to ensure the company was meeting its legal obligations of engaging in the interactive process.

**ANSWER:  The policies referenced in paragraph 20 speak for themselves and, therefore, Air Methods denies any characterizations of them.**

21.    Air Methods deviated from company policies and practices regarding the interactive process for Ms. Nelson and failed to communicate with Ms. Nelson or her doctor regarding her requested reasonable accommodation.

**ANSWER:  Denied.**

22.    Instead of permitting Ms. Nelson to resume her duties, on August 24, 2017, Ms. Nelson was informed via telephone, by Gail Brocksmith, Senior Director of Benefits and Compensation, and Claire Capacci, Senior Director of Human Resources and Operations, that the company had elected to terminate her employment.  During this call, Ms. Nelson was told to reapply for her job once she was completely healed.

**ANSWER:  Air Methods admits that Ms. Nelson's employment with Air Methods was terminated on or around August 24, 2017, but it denies the remaining allegations in paragraph 22.**

23.     Until August 24, 2017 telephone call, Ms. Nelson was never informed that her job was at risk, and the company had neither informed her that her requested reasonable accommodation was refused nor proposed an alternative.

**ANSWER:  Denied.**

24.     If Ms. Nelson had been permitted to work primarily from home, she could have been performing her duties since July 11, 2017.

**ANSWER:  Denied.**

## FIRST CLAIM FOR RELIEF

### Wrongful Termination in Violation of Public Policy

25.     Plaintiff hereby incorporates by reference all previous paragraphs as though fully set forth herein.

**ANSWER:  Air Methods incorporates by reference its prior responses.**

26.     Under the Workers' Compensation Act of Colorado, an employee is granted the specific right to apply for and receive compensation.

**ANSWER:     The allegations in paragraph 26 constitute a legal conclusion and, therefore, Air Methods denies them.**

27.     An employer's retaliation against an employee for exercising rights under the Workers' Compensation Act of Colorado violates Colorado's public policy.  The violation of such public policy provides the basis for a common law claim by the employee to recover damages sustained as a result of that violation.

**ANSWER:    The allegations in paragraph 27 constitute a legal conclusion and, therefore, Air Methods denies them.**

28.    Ms. Nelson sustained injuries in the course of her employment at Air Methods on March 23, 2016, and timely filed a claim through Colorado's Workers' Compensation system.

**ANSWER:    Air Methods admits that Ms. Nelson claims to have suffered injuries related to her fall in the parking lot and that she filed a claim for workers' compensation benefits, but it denies the remaining allegations in paragraph 28.**

29.    When Ms. Nelson was injured at work, she had the right to report her injury, seek medical treatment through the Workers' Compensation system, and be represented by counsel through this process.

**ANSWER:    The allegations in paragraph 29 constitute a legal conclusion and, therefore, Air Methods denies them.**

30.    Defendant was aware Ms. Nelson had the right to file a Workers' Compensation claim, the privilege to avail herself of medical treatment through the Workers' Compensation system and had the right to be represented by counsel.

**ANSWER:    Air Methods admits that it is aware of and complies with the law with respect to workers' compensation benefits.**

31.    Ms. Nelson was terminated despite her ability to return to work.

**ANSWER:    Denied.**

32.    Ms. Nelson was told that she should reapply when she was fully recovered, though she was capable of performing her job duties at the time of her termination.

**ANSWER:   Denied.**

33.   Ms. Nelson was wrongfully terminated in violation of public policy because of exercising her rights as a Workers' Compensation claimant.

**ANSWER:   Denied.**

34.   Defendant wrongfully discharged Ms. Nelson in violation of public policy by terminating Ms. Nelson in retaliation for availing herself of the Workers' Compensation system.

**ANSWER:   Denied.**

35.   Defendant's actions complained of herein were intentional and done with malice or with reckless indifference to Ms. Nelson's statutory rights.

**ANSWER:   Denied.**

36.   As a result of Defendant's illegal employment practices, Ms. Nelson has suffered economic and non-economic damages.

**ANSWER:   Denied.**

## SECOND CLAIM FOR RELIEF

**Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101**

37.   Plaintiff hereby incorporates by reference all previous paragraphs as though fully set forth therein.

**ANSWER:  Air Methods incorporates by reference its prior responses.**

38.   The Americans with Disabilities Act protects a qualified individual with a disability from discrimination in any aspect of employment.

**ANSWER:** **The allegations in paragraph 38 constitute a legal conclusion and, therefore, Air Methods denies them.**

39.     During the course of her employment the Plaintiff had physical impairments that substantially limited one or more major life activities, including her ability to walk and drive.

**ANSWER:** **The allegations in paragraph 39 constitute a legal conclusion and, therefore, Air Methods denies them.**

40.     Plaintiff had a record of impairment.

**ANSWER:** **The allegations in paragraph 40 constitute a legal conclusion and, therefore, Air Methods denies them.**

41.     Plaintiff had requested reasonable accommodation(s) from the Defendant and had filed for Workers Compensation Insurance.

**ANSWER:** **Air Methods admits that Ms. Nelson filed a claim for workers' compensation benefits.  The remaining allegations in paragraph 42 constitute a legal conclusion and, therefore, Air Methods denies them.**

42.     Plaintiff was regarded by the Defendant as having an impairment.

**ANSWER:** **The allegations in paragraph 42 constitute a legal conclusion and, therefore, Air Methods denies them.**

43.     Plaintiff sustained her physical injuries on the Defendant's premises, during the course of her employment with the Defendant.

**ANSWER:** **Air Methods admits that Plaintiff claims to have suffered injuries related to her fall in the parking lot and that she filed a claim for workers' compensation benefits, but it denies the remaining allegations in paragraph 43.**

44.     Plaintiff had notified her employer of her injuries, impairments and medical

issues.

**ANSWER:     Air Methods admits that Plaintiff claims to have suffered injuries**

**related to her fall in the parking lot and that she filed a claim for workers' compensation**

**benefits, but it denies the remaining allegations in paragraph 44.**

45.     The Defendant cited the Plaintiff's impairments as influencing its decision to

terminate her.

**ANSWER:     Denied.**

46.     Defendant's actions complained of herein were intentional and in violation of the

Americans with Disabilities Act, 42 U.S.C. 12101.

**ANSWER:     Denied.**

47.     As a result of the Defendant's illegal employment practices, Ms. Nelson has

suffered economic and non-economic damages.

**ANSWER:     Denied.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Air Methods for any and

all damages permissible by law, including front pay, back pay, compensatory damages, interest,

attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

**ANSWER:     Air Methods denies that Ms. Nelson is entitled to any relief, and it**

**denies any allegation not expressly admitted.**

**AFFIRMATIVE DEFENSES**

Air Methods reserves the right to: (a) rely upon such other defenses as may be supported by the facts as determined through discovery, including, but not limited to, the defense or after-acquired evidence of misconduct; and (b) voluntarily withdraw any defense.

1.      To the extent Ms. Nelson's claim(s) fall outside the applicable statute of limitations, such claims are barred.

2.      Any allegations not raised in a timely charge of discrimination have not been exhausted and are barred for failure to exhaust remedies and lack of subject matter jurisdiction.

3.      Ms. Nelson's claims for exemplary and/or punitive damages are barred because Air Methods has not engaged in any practices with malice, reckless indifference or with willful disregard for Ms. Nelson's rights.

4.      Air Methods complied in good faith with all applicable laws with respect to Ms. Nelson during Ms. Nelson's employment.

5.      Ms. Nelson has failed to mitigate her damages, if any.

6.      Any damages may be reduced or set off by income from other sources.

7.      Ms. Nelson's claims for punitive damages are barred, in whole or in part, by the Colorado Constitution.  Such damages cannot be awarded on a theory of respondeat superior.

8.      Air Methods is entitled to its reasonable attorneys' fees and costs because Ms. Nelson's claims are not well-grounded in fact or law or a good faith argument to extend existing law.

9.      Any actions directed at Ms. Nelson were based upon legitimate and non-discriminatory, non-retaliatory business reasons, and it would have taken the same actions with respect to Ms. Nelson regardless of any alleged protected activity.

WHEREFORE having fully answered Plaintiff's Second Amended Complaint, Defendant prays that this Court dismiss the action and that the Court award Defendant its costs, and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

DATED this 13th day of March, 2020.

Respectfully submitted,


*s/Mark B. Wiletsky*
Mark B. Wiletsky
HOLLAND & HART LLP
1800 Broadway Street, Suite 300
Boulder, Colorado 80302
303-473-2864
MBWiletsky@hollandhart.com

**ATTORNEYS FOR DEFENDANT**
**AIR METHODS CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020 a copy of the foregoing was sent via electronic mail to the following:


Rachel E. Ellis
Euell B. Thomas
3401 Quebec St., Suite 6009
Denver, CO 80207
720-465-6972
ree@livelihoodlaw.com
ebt@livelihoodlaw.com


*s/Mark B. Wiletsky*
Mark B. Wiletsky
HOLLAND & HART LLP
1800 Broadway Street, Suite 300
Boulder, Colorado 80302
303-473-2864
MBWiletsky@hollandhart.com

14342671_v1